Motley *v.* Harris.

MOTLEY *v.* HARRIS *et als.*, creditors of Anderson.

1. TRUST ASSIGNMENT. *Estoppel. Subrogation.* Where a surety attacks a trust assignment of his principal for fraud, the benefits of which are accepted by the creditor, and the assignment is sustained, the surety is not estopped by such action from the right of subrogation to the creditor whose claim has been satisfied for so much thereof as he may have paid.

2. SAME. *Who entitled to subrogation.* A surety paying a debt of his principal secured by mortgage or deed of trust, is entitled to be substituted to the creditor's interest or lien under the mortgage or trust. Voluntary payments made by one not bound to pay a debt for which another is primarily liable, do not fall within the rule.

3. SAME. *Same. What creditors may not object.* Generally a surety is not entitled to the remedies of the creditor upon property conveyed in trust by his principal until he has fully paid the debt, and in such cases the creditor is alone entitled to hold and control the debt and the remedies for its recovery; but the creditors in a trust deed, other than the one to whom the surety is bound, cannot object to any arrangement between such creditor and surety, by which the latter is substituted to the rights and remedies of the creditor under the assignment, whether the surety has entirely satisfied the debt or not.

---

FROM WILSON.

---

Appeal from the Chancery Court at Lebanon. H. H. LURTON, Ch.

JORDAN STOKES for complainant.

TARVER & GOLLIDAY for defendants.

FREEMAN, J., delivered the opinion of the court.

The questions in this case are presented by what is called a petition, but which may be treated as in the nature of an original bill filed in connection with

37

an original cause, by the creditors of P. H. Anderson, then pending in the Chancery Court at Lebanon.

No objection (if any was proper) has been taken to the form of the proceedings. Process was regularly prayed, but its issuance was waived, and the parties contestant submitted to answer, and thus present their defenses on the merits, and so we consider the case in this court.

The facts necessary to be stated are, that in 1865 P. H. Anderson, being largely indebted, made a deed of trust to secure his creditors. Among other debts secured was one to the estate of S. W. Settle, Mary W. Settle being his executrix, amounting to about ten thousand dollars. On this debt petitioner was security. A judgment was had in May, 1866, against Anderson, principal, and Motley as security, on this debt in the Circuit Court, and thereupon in a few days, and at the same term, petitioner took judgment over by motion for the amount of said judgment and costs against Anderson. Before this time, creditors of Anderson had filed bills attacking the validity of said deed of trust, as being fraudulent and void. After this, other creditors filed additional bills, and, among others, petitioner joined in a bill with the Planters' Bank, in which the deed was attacked for fraud. This bill was filed the 24th of October, 1866, and sought to enforce his judgment had on motion.

During these proceedings a bill had been filed requiring creditors secured by the deed of trust to elect whether they would accept the benefits of the deed of trust. Mrs. Settle, executrix, answered, and did ac-

Motley *v.* Harris.

cept it in her favor as to the debt on which peti-
tioner in this case is surety.

In this court the deed of trust was held valid,
and Mrs. Settle allowed to assert her claim in the
distribution of the trust fund.

Motley, commencing in July, 1866, paid, up to
date of September, 1873, various sums on the judg-
ment, in all, including interest up to the time of the
account taken, the sum of over five thousand dollars.

In the meantime the trust fund is under the di-
rection of the court, being collected and paid out to
creditors, an order having been made to pay seventy-
five per cent of the debts already, on which Mrs.
Settle received, we believe, about five thousand dollars
of the debt.

The complainant seeks by this proceeding to be
substituted to her rights under the deed of trust for
reimbursement as to the amount by him paid, and a
transfer of her rights under the deed of trust to this
extent. Under the general prayer of the petition,
however, and by agreement of the petitioner that he
did not like to deprive Mrs. Settle of the benefit of
her security until her debt was paid, the Chancellor
decreed that he be subrogated to her rights, he agree-
ing that she should be paid her debt out of any *pro
rata* allowed him.

The question is, whether this decree is correct, or,
what was the proper decree on the facts as between
the parties now before us, who are the other cred-
itors of P. H. Anderson, Mrs. Settle not making any
defense or objecting to the decree?

As we have said, we need not notice the form of the proceeding—whether the petition was an amended or an original bill—no objection being taken on that ground in the court below, the answer going solely to the merits, and the parties having gone to hearing on the issue thus made. We ought not, if we could, reverse on this mere matter of form, not substance.

It is insisted by the creditors in the case that Motley is estopped by the decree made in the original case, in which it is held that he was not entitled to enforce his judgment by setting aside this conveyance, and had no right to share in the trust fund; that, in a word, his rights under this proceeding are *res adjudicata* under that decree.

This cannot be maintained in any aspect of the case. He sought no right of subrogation in that case to the rights of Mrs. Settle under the deed of trust. No such question was involved, and none such was adjudged or could have been. Whether or not he might not have made such a claim at that time under a different state of pleadings, we need not determine; suffice it, he did not.

He now comes on an entirely different state of facts, to assert a right claimed in a definite form on an independent equity, no way involved or brought before the court then for adjudication, consequently not affected by that decree. Nor is Motley in any way precluded from relief by the fact that in his former bill, filed to assert his own judgment against his principal's property, he maintained the deed of trust was void for fraud. He does not now come

to assert rights of his own contrary to that claim, but comes in on the footing of a right asserted and maintained and now owned by Mrs. Settle, to which he seeks to be subrogated. He is to stand in her shoes, take her place, if he succeeds in his present contention, so that if the right is a good one, other things out of the way, he occupies her place, and is entitled to have it enforced for his benefit to the same extent that she could have done. This is the principle on which he stands.

This brings us to the main question in the case—"whether," as against the other creditors, "Motley has the right to be substituted to the rights, or to any rights, of the creditor Settle, on the facts of this case, secured by the deed of trust."

The general rule, well and long settled, repeatedly recognized by this court, is, "that a surety, paying a debt secured by mortgage or deed of trust, is entitled to be substituted to the creditor's interest or lien under the mortgage or trust." See L. C. in Eq., vol. 1, top p. 150; *McNairy* v. *Eastland*, 10 Yer., 310. This equity arises on payment made, and is the result by law of such payment; proof of payment alone by the security being sufficient, and of itself raising the right to be enforced in a court of equity, in all cases where the party pays by reason of being compelled to pay a debt for which another is primarily liable.

An argument against this view is sought to be drawn from two cases decided by this court, to-wit: *Belcher, Adm'r,* v. *Wickersham et als.,* and *Russell and*

*Wife* v. *Finney, Adm'r, et als.*, MSS., in which it is said, substantially, that the right and intention to keep alive the charge on the estate must both exist, and that when it was clear the payment was made with the purpose distinctly to discharge the estate from liability, and not to continue it, no right of substitution could afterwards be sustained or allowed to be raised on a change of the circumstances of the parties making it to their interest to assert the contrary. The principle, as applied to the facts of the case referred to, was strictly correct. But it would be a perversion of the principle to apply it to a case like the one now before us, where the facts are entirely different and come under a different rule.

The ingenious argument of counsel is based on a violation of the well settled rule, that the argument and illustrations of an opinion are always to be limited by the case then before the court, and the opinion is only authority for what is adjudged—not its argument.

The cases then before the court to which the principle cited was applied, were cases where the owners of land, or persons having an interest in land—the one case heirs, the other a widow—undertook voluntarily to, and did, pay off debts that might be a charge on the land descended, to save their own property, not being in any way personally liable for such debts. They paid for their own advantage, discharged the debts to save their property, with the already settled purpose to extinguish the liability of the property. Years after, when it appeared, in the first

case, that the property would not be sufficient to pay the debts of the deceased, by reason of shrinkage in value, they then sought to revive the debts so discharged by them, and enforce them against the land to the detriment of the rights of other creditors. We held this could not be done. The argument in the cases cited is applicable to this state of facts, but has no application to the case of a surety, or one standing in that relation, who pays a debt which he is compelled to pay, and for which another is primarily liable.

We need not repeat the reason for the rule of construction of opinion so often given in our books. Suffice it to say, it would be impossible in most cases for a judge to foresee or present all the modifications or limitations that might become necessary in the application of a principle announced in an opinion, unless he should write a complete essay on the particular question, rather than confine himself, as is proper, to the adjudication of the case then before the court.

Counsel of these creditors, however, insist that the petitioner must fail in this case because he has not paid the entire debt for which the trust fund is liable.

In general, it is said, a surety is not entitled to the remedies of the creditor upon or for any partial payment, nor unless the debt is fully paid and satisfied; and, until satisfaction, the creditor will be left in full control and possession of the debt and the remedies for its recovery, although he may be bound to use them for the benefit of the surety.

The above is the statement of rule collected from several decisions in Lead. Cases in Eq., vol. 1, top p. 155.

It is clear, however, we think, that this rule is applicable in strictness only to the rights of the surety as against the creditor who was the security, and is for his protection alone, or mainly for his benefit. He is left in entire control of the debt, and all securities for the payment, until it is satisfied.

This is manifestly just, and is the principle on which it rests. The language of the Supreme Court of Connecticut, 15 Conn. R., 437, cited by counsel in argument, brings this out very distinctly. It is: "This right, however, is not one which can be exercised against the essential interests of the *creditor*, whose rights, by virtue of the securities or funds in his hands, are *paramount*. If the creditor has been paid, he is to remain *paid;* if only secured, he is to remain *secured*." We recognize this as the general rule, and unquestionably sound. But the principle does not apply when the objection comes from other creditors, as in this case, who seek to gain an advantage by subordinating the rights of this security to their claims by asserting a right which only belongs to the creditor who holds the security.

Mrs. Settle, in this case, does not object to Motley having the benefit of the deed of trust after the debt shall be paid, and he consents that her rights shall not be prejudiced. We think he is entitled to any amount that would have been received by Mrs. Settle on her debt, if he had not paid anything on it; or,

Motley v. Harris.

perhaps a better statement of his rights would be, to such *pro rata* of the surety as would have gone to and been paid on the amount paid by him, if it was being enforced by Mrs. Settle as part of her claim. This does no real injury to the other creditors. If Motley had not made his payments, Mrs. Settle would have enforced the entire debt and received the funds of the trust in its satisfaction. He is entitled to stand in her place (she not objecting, and other creditors have no right to make the objection), and take the benefit of what is his right, and not theirs.

There can be no difficulty in applying this equity in this case, where the whole fund is under the control of the court, and all parties before it.

We cannot further discuss the case or notice incidental questions, as we think this conclusive of the result.

A decree will be drawn in accordance with this opinion. Costs will be paid by the creditors